UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-419-GWU

ALICE M. JONES,                                                                                PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

## INTRODUCTION

Alice Jones brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI).  The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

06-419 Jones

>    Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

> 4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).

> 5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

> 6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

> 7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron

06-419  Jones

v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jones, a 54 year-old former customer service representative and assembly line worker with a "limited" education, suffered from impairments related to bilateral carpal tunnel syndrome (right worse than left), osteoarthritic changes with degenerative disease of the lumbar spine, osteoarthritic changes of the knees (left worse than right), obesity, hypertension and an adjustment disorder.  (Tr. 14, 16).  While the plaintiff was found to be unable to return to any of her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 19, 21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the

current does not mandate an immediate award of Social Security Benefits.[1] Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

      The ALJ erred in evaluating the medical record.  The ALJ rejected as binding the opinion of Dr. Lee Durham, Jones' treating physician at the Williamsburg Family Medical Center.  (Tr. 17).  In January of 2006, Dr. Durham restricted the plaintiff to a limited range of sedentary level work.  (Tr. 290, 302).  The ALJ indicated that the doctor's opinion was not supported by objective medical data and cited a January, 2005 EMG Study revealing only mild to early onset of median nerve compromise on the right wrist and a May, 2005 right knee x-ray which was unremarkable.  (Tr. 17-18).  However, the record does contain at least some evidence which appears to support Dr. Durham's findings that the claimant would be limited to sedentary level work.  In September of 2005, Jones underwent an MRI Scan of her lumbar spine at Open MRI.  This revealed severe disc degeneration at L5-S1, moderately severe degeneration at L3-L4, mild to moderate degeneration at T12-L1 and T11-T12, an old, benign anterior compression at L1 with increased kyphosis secondary

---

[1] Jones filed for both DIB and SSI alleging a disability onset date of July 15, 1996. (Tr. 58, 313).  The plaintiff's DIB-insured status expired on December 31, 2001.  (Tr. 20). The claimant concedes on this appeal that the evidence of record does not establish disability prior to the date last insured.  She only contests the finding that she is not eligible for SSI.

to this, an anterior calcified soft protrusion with annular tear at L3-L4 and L4-L5 and a moderate posterior Tarlov benign arachnoid cyst posterior to L3. (Tr. 300). The MRI Scan results appear rather serious and could conceivably limit one to sedentary level work.

In determining that Jones could perform light level work, the ALJ relied primarily upon the opinion of Dr. Joseph Koenigsmark, an examining consultant. Dr. Koenigsmark examined the plaintiff in September of 2004 and noted modest limitations findings consistent with the ALJ's findings. (Tr. 138-142). However, the doctor obviously had no opportunity to see and comment upon the September, 2005 MRI Scan results. Under these circumstances, the undersigned is unable to say that this opinion offsets that of the treating source.

Dr. James Ramsey, a non-examining medical reviewer, opined in February of 2005 that Jones could perform a restricted range of medium level work. (Tr. 210-218). Dr. Ramsey did not have the opportunity to see and comment upon either the September, 2005 MRI Scan or Dr. Durham's opinion. Thus, his opinion also could not be used to offset that of the treating source. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). The ALJ should at least have sought the advice of a medical advisor who had seen the entire record.

The September, 2005 MRI Scan was obtained at the request of Dr. John Gilbert of the Spine and Brain Neurosurgical Center. (Tr. 301). In October of 2005, Dr. Richard Lingreen, Dr. Gilbert's colleague, saw Jones and reviewed the MRI

06-419  Jones

Scan results. (Tr. 293). Dr. Lingreen stated that "the patient's function and activities of daily living are stable and being improved." (Id.). However, the doctor did not provide an assessment of the claimant's ability to perform work-related activities. The finding that she was stable and improved would not necessarily be incompatible with a limitation to sedentary rather than light level work.

William Ellis, a vocational expert, testified that Jones had no transferable skills. (Tr. 331). Rule 201.10 of the Medical-Vocational Guidelines mandates a finding of disabled status for one of Jones's age, level of education and past work experience if restricted to sedentary level work. Thus, if she is limited to sedentary level work, she should be found disabled. Therefore, this issue will need to be carefully considered upon remand.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 31st day of August, 2007.



**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**